UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW JONES, *et al.*, <br><br> *Plaintiffs-Appellants,* <br><br> v. <br><br> ROB BONTA, in his official capacity as Attorney General of the State of California, *et al.*, <br><br> *Defendants-Appellees*. | No. 20-56174 <br><br> Oral Argument: May 12, 2021 <br> Expedited consideration requested <br><br> On Appeal from the United States District Court for the Southern District of California <br> D.C. No. 3:19-cv-01226-L-AHG <br> District Judge M. James Lorenzo |

**Motion of Neal Goldfarb for Leave to File
a 2.948- Word Reply Brief as Amicus Curiae
Supporting Neither Party, and
for Suspension of Circuit Rule 29.1
to Permit Such Leave to Be Granted**

Neal Goldfarb, having previously been granted leave to file an *amicus* brief addressing the issues on which the Court has ordered supplemental briefing, now moves for leave to file a 2,948-word reply brief as amicus curiae supporting neither party, and for the Court to suspend the operation of Circuit Rule 29.1 in order to permit such leave to be granted.

As discussed below, much of information about corpus linguistics in the parties' supplemental briefs is false or misleading. But while the Court could ordinarily count on the parties in a case to correct their opponents' errors, the parties here

cannot be counted on to do that. This means that unless Movant's brief is accepted for filing, the Court will have no source of accurate information to correct the parties' false or misleading statements.

Appellants have informed Movant that they oppose this motion. Appellees have stated that they take no position on the motion.

Because oral argument is scheduled for May 12—only 9 days after the filing of this motion—Movant requests that this motion be decided on an expedited basis.

1. **The court should suspend the operation of Circuit Rule 29.1.**

Whereas Fed. R. App. P. 29(a)(7) provides that an amicus may file a reply brief with the Court's permission, Circuit Rule 29.1 states, "No reply brief of an amicus curiae will be permitted." Therefore, the granting of this motion would require that the operation of Circuit Rule 29.1 be suspended. As explained below, the Court has the power to do so, and in the unusual circumstances presented here, that power should be exercised.

   a. *The Court has power to suspend the operation of Circuit Rule 29.1.*

Rule 2 of the Federal Rules of Appellate Procedure provides that for good cause, a court of appeals may "suspend any provision of these rules in a particular case and order proceedings as it directs" (except to the extent that Rule 26(b) prohibits the extension of certain deadlines). While the Circuit Rules do not include a counterpart to Fed. R. App. P. 2, the Circuit Rules themselves are promulgated

2

under its authority, as well as that of Fed. R. App. P. 47 ("Local Rules by Courts of Appeals").[1] Because Rule 47 is sufficient on its own to authorize each circuit to promulgate its own local rules, it is reasonable to conclude that based on the invocation of Rule 2 as a source of authorization, the power of suspension under Rule 2 extends to the Circuit Rules as well as to the Federal Rules of Appellate Procedure.

### b. Suspension of Circuit Rule 27.1 is appropriate here.

The circumstances presented here are a far cry from the kind of situation that was most likely what motivated the promulgation of Circuit Rule 27.1. It is fairly obvious from the Circuit Advisory Committee Note that the rule is an effort to deal preemptively with the all-too-common problem of *amicus* briefs that are repetitive of those filed on behalf of the parties:

> The filing of multiple amici curiae briefs raising the same points in support of one party is disfavored. Prospective amici are encouraged to file a joint brief. Movants are reminded that the Court will review the amicus curiae brief in conjunction with the briefs submitted by the parties, so that amici briefs should not repeat arguments or factual statements made by the parties.
>
> Amici who wish to join in the arguments or factual statements of a party or other amici are encouraged to file and serve on all parties a short letter so stating in lieu of a brief. If the letter is not required to be filed electronically, the letter shall be provided in an original.[2]

---

[1] Ninth Circuit Rules, Preamble.

[2] Circuit Rule 27.1 note.

While redundant *amicus* briefs are a possibility at any stage in the briefing, there is reason to think that it would present a heightened concern at the reply-brief stage, when there would be less chances that an *amicus* brief would provide value above and beyond what would be provided by the parties' briefs.

There are also factors specific to this case that weigh in favor of suspending the operation of Rule 27.1. One of them has to do with the nature of the issues as to which the Court called for supplemental briefing, which create a need for *amicus* participation that is absent in the vast majority of cases. The supplemental-briefing order was entered *sua sponte*, in two senses: the Court called for supplemental briefing on its own initiative, and the idea of consulting corpus data had not previously been raised by the parties on either side of the dispute. Moreover, those issues involve a newly-developed interpretive methodology with which most attorneys are unfamiliar. That puts a premium on input from *amici* possessing the necessary knowledge and experience.

Another factor is that Movant is seeking leave to file a brief that does not support either party, the purpose of which is to correct false and misleading statements made by both parties in their supplemental briefing. And in the unusual circumstances here, there is no reason to expect that the parties on one side will call out the errors made by their opponents.

4

That is because on the question whether the Court should consider corpus evidence, the parties' respective positions are largely aligned: neither party wants corpus linguistics to play any part in the case. Appellants argue that in the context of legal interpretation, corpus linguistics is unreliable altogether.[3] And while Appellees do not share Appellants' hostility to the substance of *amicus*'s analysis, they are skittish about the use of corpus linguistics as a general matter, and they contend that it shouldn't be considered with this case in its current posture.[4] So as to the question whether the Court should consider corpus data in this case (whether for the purpose of deciding the case under *Heller* or otherwise), neither set of parties has much incentive to dispute anything that has been said by those on the other side.

There are also additional factors making it likely that with respect to the use of corpus linguistics, the parties' reply briefs will be in agreement much more than would be expected in a more typical case. However, those factors go not only to the issue of whether Circuit Rule 27.1 should be suspended, but also to whether, if the rule is suspended, Movant's brief should be accepted for filing. It is therefore discussed below, as part of the argument on the latter issue.

---

[3] Appellants' Supp. Br. at 8-20.

[4] Appellees' Supp. Br. 18-20, 23-24.

## 2. *Amicus* should be granted leave to file a reply brief, because the parties have provided false and misleading information that may diminish the value of the supplemental briefing to the Court if it is not corrected.

Having directed the parties to file supplemental briefs discussing what light corpus linguistics can shed as to several specified issues, the Court has an obvious interest in being provided with accurate information about corpus linguistics. Unfortunately, the parties' supplemental briefs fall short on that score.

Of the two briefs, Appellants' is the more problematic one. More than a third of the brief is devoted to a six-part condemnation of the use of corpus linguistics in legal interpretation, with two of the parts presenting a distorted picture of corpus linguistics as it is used in legal interpretation, and the remaining four being devoted to arguments that in some respects have at least some general validity, but that are overblown to the point of being misleading.[5]

Appellees' brief is more measured than Appellants', but it too is misleading in several respects. Appellees cite and discuss articles by two critics of using corpus linguistics, but they neither cite nor discuss the articles by *amicus* in which he

---

[5] In addition to the flaws discussed above, Appellants present what purports to be a corpus analysis of *well regulated militia* that Movant describes in his brief as "corpus-linguistic malpractice" (p. 10). As of the filing of this motion, it is unknown whether Appellees have noticed the flaw *amicus* has identified and will point it out in their reply brief.

responded to those authors' criticisms.[6] As to one of the articles, *amicus* treated the criticism as overstated, explaining that it amounted to no more than saying that some issues are not good candidates for corpus analysis.[7] And *amicus*'s response to the other article argues that the author's analysis is fundamentally flawed.[8]

Appellees might not have been aware of *amicus*'s responses to the articles it cited, since both responses were posted on the Social Science Research Network but not published in a law review. But even assuming complete good faith on the part of Appellees', their supplemental brief presented an incomplete picture of the relevant literature and was therefore misleading. And to make matters worse, the content of that misleading impression overlaps with the unfounded criticisms levelled by Appellees.

Furthermore, Appellees discuss and quote from one of *amicus*'s articles in a way that can be read to give the misleading impression that *amicus* agrees in part

---

[6] Appellees' Supp. Br. 18 (discussing Carissa Byrne Hessick, *Corpus Linguistics and the Criminal Law*, 2017 BYU L. Rev. 1503 (2018) and Kevin P. Tobia, *Testing Ordinary Meaning*, 134 Harv. L. Rev. 726 (2020).

[7] Neal Goldfarb, *Corpus Linguistics in Legal Interpretation: When Is It (In)appropriate?* at 2-4 (2019), available at bit.ly/WhenCorpLing (responding to the argument raised by Hessick (and others)).

[8] Neal Goldfarb, *Varieties of Ordinary Meaning: Comments on Kevin P. Tobia, "Testing Ordinary Meaning"* (2020), available at bit.ly/VarietiesOrdinaryMeaning.

with Appellants.[9] And this error is less excusable then the first one, because *amicus*'s position was made unmistakably clear in the sentence immediately following the one Appellees quoted.

### 3. The Court should grant leave for Movant's reply brief to contain 2,948 words.

Under the formula prescribed by Fed. R. App. P. 29(a)(5), which limits *amicus* briefs to half the maximum number of words allowed for a party's brief, Movant's brief would be permitted to contain no more than 1,625 words (half the 3,250 words permitted for reply briefs by the order directing supplemental briefing).

Considering the number of issues to which a response was necessary, 1,625 words is insufficient to permit an adequate discussion of all of them. Even with a brief containing 2,948 words, *amicus* has been forced to leave out certain arguments that he would otherwise have made, and to present greatly abbreviated versions of the arguments he did include, which made it necessary to omit any discussion of various complexities. Cutting the brief back even more would substantially reduce its usefulness to the Court.

May 3, 2021.

---

[9] Appellees' Supp. Br. 24 (quoting from Neal Goldfarb, *A Lawyer's Introduction to Meaning in the Framework of Corpus Linguistics*, 2017 BYU L. Rev. 1359, 1379.

Respectfully submitted,

/s/ Neal Goldfarb
1301 Fairmont St., N.W.
Washington, D.C. 20009
(202) 262-7886
goldfarbneal@gmail.com
*Counsel for Movant*

9

## Certificate of Compliance

I HEREBY CERTIFY as follows:

1. I am the attorney for the Movant.

2. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(a) because it contains 1,785 words, excluding the parts exempted by Fed. R. App. P. 32(f).

3. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman type.

Dated: May 3, 2021

/s/ Neal Goldfarb
*Counsel for Movant*

## Certificate of Service

I HEREBY CERTIFY as follows:

1. On May 3, 2021, the foregoing brief was filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system.

2. Counsel for all parties are registered CM/ECF users and will be served by the appellate CM/ECF system.

Dated: May 3, 2021

/s/ Neal Goldfarb
*Counsel for Amicus Curiae*